**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
    Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DANIELA TORMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: |
| Plaintiff, | |
| vs. | |
| CAPITAL ALLIANCE GROUP d/b/a CAPITAL ALLIANCE d/b/a BANKCAPITAL d/b/a BANKCAPITAL DIRECT d/b/a TRUSTED BANCORP, NARIN CHARANVATTANAKIT a/k/a NARAN CHARAN a/k/a CLAYTON HEATH, and JOHN DOES 1-10, | **EXEMPT FROM ARBITRATION:** **Class Action** |
| Defendants. | |

### CLASS ACTION COMPLAINT

Plaintiff Daniela Torman ("Plaintiff") brings this class action for damages, and other legal and equitable remedies, resulting from the illegal telemarketing conduct of Capital Alliance Group d/b/a Capital Alliance d/b/a Bankcapital d/b/a Bankcapital Direct d/b/a Trusted Bancorp ("Capital Alliance"), Narin Charanvattanakit a/k/a Naran Charan a/k/a Clayton Heath, and as yet unknown John Does 1-10 (collectively, the "Defendants"), and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, or other related entities, alleging as follows:

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

**PARTIES**

1.      Defendant Capital Alliance Group is a California Corporation headquartered at 1950 E 17th St, 3rd Floor, Santa Ana, CA 92705.  Capital Alliance Group does business under the following names: Capital Alliance Group, Capital Alliance, Bankcapital, Bankcapital Direct and Trusted Bancorp (hereinafter "Capital Alliance"). Capital Alliance represents on its website at https://capitalalliance.com/about-us/ that it "is one of North America's leading providers of working capital and equipment financing solutions."

2.      Defendant Narin Charanvattanakit is a resident of California and the President and founder of Capital Alliance. Defendant Charanvattanakit also goes by the names of Naran Charan and Clayton Heath.

3.      Defendants John Doe 1-10 are lead finders, marketing agents and/or telemarketers and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents or other related entities whose identities are currently unknown.

4.      Plaintiff Daniela Torman resides in Las Vegas, Nevada. Ms. Torman receives telephone calls on her cellular telephone, including the calls that are the subject of this Complaint. The calls in question were intended to be received and were received on Plaintiff's cellular telephone numbers in Las Vegas, Nevada.

**JURISDICTION AND VENUE**

5.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 under the federal question doctrine.

6.      This Court has personal jurisdiction over the Defendants because the prerecorded marketing calls to Plaintiff's wireless phone were received in Nevada.

7.      Venue properly lies in this court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiff's claims transpired in Nevada.

**NATURE OF THE CASE**

8.      This case seeks to enforce the Telephone Consumer Protection Act ("TCPA") and Nevada's Deceptive Trade Practices Act, NRS Chapter 598 ("NVDTPA") against Capital Alliance and the other Defendants. In violation of the TCPA and the NVDTPA, Capital

Page 2 of 10

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1   Alliance's marketing efforts involve unauthorized and prerecorded advertising calls to cellular

2   telephones without consent via an automatic dialing system. Defendant and its CEO were

3   recently sanctioned by the Attorney General of Indiana for similar conduct involving unsolicited

4   fax advertisements:

> [T]he Attorney General's office took action against Narin Charanvattanakit also
> known as Naran Charan or Clayton Heath of California. Charanvattanakit does
> business under the names Bankcapital, Bankcapital Direct and Trusted Bancorp.
> According to the filing, the company sent more than 222 faxes to Indiana numbers
> offering short-term business loans. The Attorney General's office seeks a
> permanent injunction to stop the faxes, plus civil penalties and investigative
> costs.[1]

9.      The TCPA prohibits a person or entity from using an automated dialing system or

artificial or prerecorded voice to dial cellular phones without the recipient's prior express written

consent.

10.     Defendants' practice is willful and intentionally directed to cellular phones or

mobile devices, or both, and is a direct violation of the TCPA.

11.     The TCPA provides a private right of action and provides statutory damages of

$500 – $1500 per violation.

12.     Any violation of the TCPA is a violation of the NVDTPA.

13.     On behalf of herself and all others similarly situated, Plaintiff brings this case as a

class action under the TCPA and the NVDTPA against Defendants on behalf of all persons in the

United States and its Territories who received one or more unauthorized phone calls to their

wireless phones that was sent on behalf of Capital Alliance.

## COMMON ALLEGATIONS OF FACT

14.     Plaintiff is the owner of a cellular telephone number.

15.     Plaintiff received unsolicited and unauthorized marketing calls from Capital

Alliance or John Does 1-10 on the following dates and from the following numbers:

a)      March 19, 2014, (800) 927-0703

b)      April 4, 2014,  (800) 927-0703

[1] http://www.in.gov/activecalendar/EventList.aspx?fromdate=4/11/2013&todate=4/11/2013&display=Day&type=public&eventid=94875&view=EventDetails&information_id=179066&print=print

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    c)    June 6, 2014, (800) 707-9150

2    d)    July 1, 2014, (800) 707-9150

3    16.    Following each unauthorized call, Capital Alliance left a truncated message using

4    a prerecorded voice on Plaintiff's phone stating:

5    … A+ rating with the Better Business Bureau. To find out the loan amount that
you qualify for and the payment options, please give me a call at 1-800-927-0703.
6    Again, to find out the loan amount you qualify for, and the payment terms, please
give me a call at 1-800-927-0703.

7    17.    These unauthorized and prerecorded telemarketing calls to Plaintiff's and Class

8    members cell phones were intended to solicit short term business loans and related fees.

9    18.    Capital Alliance does not have, nor has it ever had, the A+ rating with the Better

10   Business Bureau ("BBB"), as it stated in its prerecorded call to Plaintiff's cellular phone. Rather,

11   Capital Alliance's C - BBB rating is the result of 29 complaints filed against Capital Alliance

12   and other "advertising issues."[2]

13   19.    The BBB website conducted an "advertising review"[3] of Capital Alliance, which

14   is summarized on BBB's website:

15   One 6/3/14 it came to BBB's attention that this company is utilizing robo-calls to
solicit businesses and is also claiming to have an A+ rating with the BBB. The
16   company responded to the BBB indicating that they would discontinue claiming
the A+ rating, however, on 6/23/14 a robo-call from the company was received
17   which continues to state an A+ BBB rating. This constitutes false and deceptive
advertising.

19   20.    The BBB also reports the following "Government Action" related to Capital

20   Alliance on August 26, 2013:

21   On August 26, 2013 the office of the Indiana Attorney General reached a consent
decree with this business owner in Marion County Court. The consent decree
22   settles charges the business owner, doing business as "BankCapital,"
"BankCapitalDirect," and "Trusted Bancorp," violated Indiana law by sending
23   unsolicited advertisements via facsimile (fax) using an alias of "Clayton Heath."
The consent decree was for settlement purposes only and is not to be considered
24   as an admission of guilt or finding of violation of the law.

25   [2] http://www.bbb.org/san-diego/business-reviews/financial-services/capital-alliance-in-santa-ana-ca-1016843.

26   [3] BBB describes its "advertising review" process as follows: "BBB promotes truth in advertising by contacting
advertisers whose claims conflict with the BBB Code of Advertising. These claims come to our attention from our
27   internal review of advertising, consumer complaints and competitor challenges. BBB asks advertisers to prove their
claims, change ads to make offers more clear to consumers, and remove misleading or deceptive statements.

Page 4 of 10

This action is final.[4]

21.     Plaintiff did not consent to receiving marketing calls from Defendants.

22.     Defendants made numerous similar unsolicited telemarketing calls to thousands of cell phones throughout the country.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

**All persons in the United States and its Territories who received one or more unauthorized phone calls to their wireless phones that was sent on behalf of Capital Alliance within four years prior to the filing of this Complaint.**

24.     Plaintiff and members of the Class received unsolicited faxes in violation of the TCPA.

25.     Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a sub class comprised of Nevada residents (the "Sub Class") defined as follows:

**All persons in Nevada who received one or more unauthorized phone calls to their wireless phones that was sent on behalf of Capital Alliance within four years prior to the filing of this Complaint.**

26.     Plaintiff and members of the Sub Class received unsolicited phone calls in violation of the NVDTPA.

27.     Excluded from the Class and the Sub Class is: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants and its legal representatives, assigns and successors of Defendants; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

28.     Plaintiffs, on information and belief, allege that members of the Class and Sub Class (collectively, "Class Members") number in the thousands, such that joinder of all Class Members would be impracticable.

---

[4] http://www.bbb.org/san-diego/Business-Reviews/financial-services/capital-alliance-in-santa-ana-ca-1016843#reasonrating

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

29.     Questions of law and fact common to the Class and Sub Class exist as to all Class members and predominate over any questions affecting only individual Class Members. These common legal and factual issues include, but are not limited to the following:

> a)  Whether Defendant's calls to Class Members' cellular phones violated 47 U.S.C. § 227.
>
> b)  Whether the Class Members are entitled to treble damages based on the willfulness of Defendants' conduct and/or the fact that Defendant is a repeat offender of 47 U.S.C. § 227.

30.     Plaintiff's claims are typical of the claims of the Class Members, as all such claims arise out of prerecorded and autodialed telemarketing calls on behalf of Capital Alliance.

31.     Plaintiff will fairly and adequately represent the interests of the Class Members and has no interests antagonistic to those of the Class.  Plaintiff has retained counsel experienced in the prosecution of complex class actions.

32.     This class action is appropriate for certification because questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and adjudication of this controversy, since individual joinder of all Class Members is impracticable.  Should individual Class Members be required to bring separate actions, this Court and Courts throughout Nevada would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictors judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

33.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and other Class Members in transmitting the cellular telemarketing calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

34. The factual and legal bases of Defendants' liability to Plaintiffs and to the other Class Members are the same, resulting in injury to Plaintiffs and to all of the other Class Members as a result of the transmission of the cellular telemarketing calls alleged herein. Plaintiffs and the other Class Members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the cellular telemarketing calls.

## FIRST CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act 47 USC § 227 et. seq.)

35. Plaintiff realleges paragraphs 1 through 31 as though set forth fully herein.

36. Defendants made unsolicited commercial calls to the wireless telephone numbers of the Plaintiff and the Class Members. Each such call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of telemarketing calls to thousands of consumers' wireless phone numbers.

37. Defendants' unsolicited commercial calls were made using an artificial prerecorded voice. By using a random or sequential number generator and a prerecorded survey, Defendants were able to simultaneously call thousands of wireless customers without any human intervention.

38. Defendants non-emergency calls were prerecorded and made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other Class Members to receive such cellular telemarketing calls.

39. The Federal Communications Commission ("FCC") requires entities to obtain prior express written consent before making prerecorded or autodialed telemarketing calls that are not emergency calls to cellular phones. 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits non-emergency calls to cellular phones without the prior express consent of the recipient.

41. Section 227(b)(3) provides for a private right of action under the TCPA:

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

42.     Damages may be trebled at the Court's discretion if the violation was willful or knowing. 47 U.S.C. § 227(b)(3)(B).

43.     As a result of Defendants' conduct, Plaintiff and Class Members suffered actual damages by having to pay their respective wireless carriers for the autodialed and prerecorded marketing calls and, under, Section 227(b)(3)(B), are each entitled to a minimum of $500.00 in damages for each violation, and an injunction to prevent further violations.

44.     Because Defendant's misconduct was willful and knowing, the Court should pursuant to 47 U.S.C. § 227(b)(3)(B), treble the amount of statutory damages recoverable by Plaintiff and the Class Members.

45.     Plaintiff and Class Members are also entitled to injunctive relief prohibiting Defendants' violation of the TCPA in the future.

### SECOND CLAIM FOR RELIEF

### (Violation of the Nevada Deceptive Trade Practices Acts NRS Ch. 598)

46.     Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above, inclusive, as if fully set forth herein.

47.     Defendants, during the course of their business or occupation, knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services.  NRS 41.060; NRS 598.0923(3).

48.     Defendants engaged in deceptive trade practices.

49.     As a direct and proximate result of Defendant's deceptive trade practice, Plaintiff and the Class Members have suffered damages in an amount to be proven at trial.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

50.     Plaintiff and the Class Members are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs. NRS 41.600.

### THIRD CLAIM FOR RELIEF

### (Attorney Fees as Special Damages)

51.     Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above, inclusive, as if fully set forth herein.

52.     It has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action, and therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

### PRAYER FOR RELIEF

WHEREFORE, Daniela Torman, on behalf of herself and the Class, pray for the following relief:

1.     An order certifying the Class and Sub Class as defined above;

2.     An award of actual, statutory and treble damages;

3.     An injunction requiring Defendants to cease all cellular telemarketing activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further relief the Court deems reasonable and just.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:13813-001 iManage_2332259_1 9/29/2014 3:31 PM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated this 29th day of September, 2014.

MARQUIS AURBACH COFFING

By      */s/ Candice E. Renka,Esq.*
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada  89145

/s/ Gary E. Mason
Gary E. Mason (to be admitted *pro hac vice*)[5]
Esfand Y. Nafisi (to be admitted *pro hac vice*)
Jason S. Rathod (to be admitted *pro hac vice*)
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave,
Suite 605
Washington, D.C. 20008
Telephone: (202)429-2290
Facsimile: (202)429-2294
Email: gmason@wbmllp.com
Email: enafisi@wbmllp.com

/s/ Steven N. Berk
Steven N. Berk (to be admitted *pro hac vice*)
BERK LAW PLLC
2002 Massachusetts Ave NW
Washington, D.C. 20036
Telephone: (202)232-7550
Facsimile: (202)232-7556
Email: steven@berklawdc.com

Attorneys for PlaintiffPlaintiff
Plaintiff

---

[5] Counsel will comply with LR IA 10-2 within 45 days.