# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA TORMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ALLIANCE GROUP, *ET AL.*,<br><br>    Defendants. | Case No. 14-cv-02915-BAS(WVG)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE JOINT MOTION TO CONTINUE STAY AND CONSOLIDATE (ECF NO. 31); AND**<br><br>**(2) LIFTING STAY** |

Presently before the Court is a joint motion filed by plaintiff Daniela Torman ("Torman") and defendants Capital Alliance Group and Narin Charanvattanakit (collectively "Defendants") to continue the stay in this matter and to consolidate this case with a related case, *Bee, Denning, Inc. v. Capital Alliance Group*, Case No. 13-cv-02654-BAS(WVG) (S.D. Cal.) ("*Bee* Case"). (ECF No. 31.)

## I. BACKGROUND

Torman commenced this putative class action on September 29, 2014. (ECF No. 1.) Defendants failed to respond to the complaint. On July 29, 2015, the Court set a Notice of Hearing for Dismissal for Want of Prosecution. (ECF No. 24.) The same day, the parties filed a joint motion to stay this action pending a decision on the fully briefed Motion for Class Certification in the *Bee* Case, which the Court granted.

(*See* ECF Nos. 28, 29.)

On September 24, 2015, the Court granted the Motion for Class Certification filed by plaintiffs Bee, Denning, Inc. and Gregory Chick.  (*See Bee* Case, ECF No. 39.)  The Court certified the following two Rule 23(b)(3) classes:

> <u>Junk Fax Class</u>: All persons or entities in the United States who, on or after four years before the filing of this action, were sent by or on behalf of Defendants one or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.
>
> <u>Automated Call Class</u>: All persons or entities in the United States who, on or after four years before the filing of this action, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made on or behalf of Defendants.

(*Id.* at p. 24.)  The Court also appointed Bee, Denning, Inc. and Gregory Chick as class representatives, and the firm Terrell Marshall Daudt & Willie PLLC as class counsel.  (*Id.*)

## II.     MOTION TO CONSOLIDATE

### A.     Legal Standard

Federal Rule of Civil Procedure 42(a)(2) provides that when "actions before the court involve a common question of law or fact, the court may…consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications.  *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).  "The party moving for consolidation bears the burden of proving that consolidation is desirable."  *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

Courts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See In re Equity Funding Corp.*

*of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).  Consolidation further facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately.  *Id.*

"The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."  *Seguro de Servicio de Salud v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989).  However, "[t]he mere existence of common issues, a prerequisite to consolidation, does not require consolidation."  *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991).

Ultimately, "[t]he district court has broad discretion…to consolidate cases pending in the same district."  *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  In exercising its broad discretion, the court should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene*, 743 F.2d at 704; *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.").

**B.  Discussion**

In seeking consolidation, the parties assert "[t]here will be no delay or prejudice caused by consolidation because the same class of consumers' claims will be prosecuted in the *Bee* Case." (ECF No. 31 at p. 7.)  They further assert "there will be no confusion because the same claims brought by the same class will be litigated and adjudicated."  (*Id*. at p. 8.)   However, the parties do not propose how consolidation can be accomplished to minimize delay and prejudice, and to allow all claims to be litigated.  If the Court were to consolidate the cases, the complaints would need to be consolidated, leading potentially to another motion for class certification and causing prejudice to the plaintiffs in the *Bee* Case.  Additional class discovery would also need to be conducted, because the class periods, while they

overlap, are not identical.  The Court further notes that the plaintiffs in the *Bee* Case are not parties to the present motion, and there is no indication as to whether or not they consent to the motion.  Therefore, while consolidation may ultimately reduce duplication and minimize expenditure of time and money, the Court **DENIES WITHOUT PREJUDICE** the joint motion in its present form.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the parties' joint motion (ECF No. 31).  If the parties wish to consolidate the present case with the *Bee* Case, they must obtain the consent of the plaintiffs in the *Bee* Case, and all parties, including the plaintiffs in the *Bee* Case, must provide the Court with a date by which a consolidated complaint will be filed, or agree on a modification to the class definitions for the certified classes in the *Bee* Case which incorporate all putative class members.

Given the foregoing, **IT IS FURTHER ORDERED** that the **STAY** be **LIFTED** in the present case.  Defendants shall respond to the Complaint no later than **November 16, 2015**, absent further order from the Court.

IT IS SO ORDERED.

DATED: October 5, 2015

Hon. Cynthia Bashant
United States District Judge